United States District Court
District of Connecticut

FILED
2011 APR 21 P 4: 19
U.S. DISTRICT COURT
NEW HAVEN, CT

United States of America

V.

No. 3:06-cr-282 (PCD)

Alan Zaleski

## RE: DISPOSITION OF CERTAIN FIREARMS, AMMUNITION AND DESTRUCTIVE DEVICES

Pending before the Court is the disposition of certain firearms, ammunition and destructive devises the government seized from the defendant, Alan Zaleski ("Zaleski"), and which were not subject to criminal forfeiture. The government moves for an order, to be stayed until Zaleski exhausts his appellate challenges and collateral attacks to conviction, authorizing it to destroy these items. Zaleski moves, pursuant to Federal Rule of Criminal Procedure 41 (g), for a court order compelling the government to either (a) transfer the items to Zaleski's designated agent, who will sell the weapons for Zaleski's benefit, or (b) appraise the value of the items so that Zaleski may recover money damages from the government.

The Court concludes that neither Zaleski nor the government is entitled to the relief they seek.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, law enforcement agents conducted a lawful search of Zaleski's property. The government seized what can be fairly described as a large stockpile of dangerous weapons, including firearms and ammunition. Subsequently, the government charged Zaleski with thirty counts of knowingly possessing certain firearms and destructive devises that were unlawful for him to possess. On March 27, 2009, a jury returned a verdict of guilty on twenty-eight of the counts charged in the indictment.[1] After the jury returned its verdict, the Court granted the government's motion for forfeiture of all items that were subjects of the counts of conviction. Doc. #164. On February 3, 2011, the Court sentenced Zaleski to 101 months imprisonment followed by 36 months supervised release. Doc. #198.

The forfeited weapons, however, were but a fraction of the weapons stockpile the government seized from Zaleski. The government is currently storing the non-forfeited items in a locker at the Federal Bureau of Investigation's ("FBI")Connecticut headquarters. On October 14, 2010, the government filed its first motion for a court order authorizing it to destroy those items. Doc. #171. Specifically, the government averred that the items it sought to destroy "were not

---

[1]The government moved to dismiss two of the counts.

charged as part of the case, and thus, were not within the scope of the Court's forfeiture order. Those items include various weapons, ammunition and weapons parts, among other things. The pertinent items range from firearms and ammunition, to grenades, gun receivers, other gun parts such as barrels and stocks, a grenade launcher, magazines for ammunition, metal pipes with end caps, materials for making fuses, various powders, such as ones labeled as Pyrodex, grenade bodies and fuses, a jug labeled Nitrous Methane (which is also known as an accelerant and/or an incendiary / explosive component), and ammonium nitrate." For the sake of clarity and convenience, the Court will refer to these items collectively as "non-forfeited items."[2]

Zaleski objected to the government's motion. He maintained that the Court should either (a) order the government to transfer the non-forfeited items to Ron Rando, a licensed gun dealer known to Zaleski, who would sell the items and pay over the proceeds to Zaleski, or (b) order the government to appraise

---

[2]Zaleski's Rule 41 (g) motion seeks the return of all seized items, which includes, in addition to the firearms and weapons materials described in the government's motion, more mundane items such as a Christian bible. During the March 3rd hearing, both the government and counsel for Zaleski agreed that the parties can likely reach an out of court resolution with regard to the disposition of these other items. Thus, the Court reserves judgment as to the disposition of the other seized items until such time as the parties indicate a judicial resolution is necessary. All references to non-forfeited items in this ruling are strictly limited to those of the sort contemplated by 18 U.S.C. § 922(g)(1).

3

the value of the non-forfeited items so that Zaleski can recover money damages for their loss. Doc. #182. The Court denied the government's motion without prejudice to renewal after Zaleski exhausts his appellate and collateral challenges to conviction. Doc. #184. The Court did not address Zaleski's claims for relief. Thereafter, the government filed its motion for reconsideration of the Court's denial. Doc. #188. In its motion, the government requested that the Court grant its motion but stay execution of the order until Zaleski exhausts his appellate and collateral challenges to conviction. During the pendency of the government's motion, Zaleski filed a Rule 41(g) motion for the return of property. A hearing was held with regard to both motions on March 3, 2011.

## DISCUSSION

### I. THE DEFENDANT'S MOTION

Defense counsel concedes that the government cannot lawfully return the non-forfeited items to Zaleski so long as he is a convicted felon. As such, the Court construes Zaleski's 41(g) motion as a renewal of his earlier request for a Court order either compelling the government to (1) transfer the items to Ron Rando, or (2) appraise the value of the items so that Zaleski may recover money damages.

In support of his requests for relief, Zaleski cites decisions of courts in several other jurisdictions which have held that a convicted felon is entitled to either compensation for seized firearms he previously possessed lawfully; e.g., United States v. Miller, 588 F.3d 418 (7th Cir. 2009), Cooper v. Greenwood, 904 F.2d 302 (5th Cir. 1990); or to have the items sold for his benefit. E.g., United States v. Appx. 627 Firearms, 589 F. Supp. 2d 1129, 1140 (S.D. Iowa 2008). Because, however, these decisions are contrary to the law of the Second Circuit, the Court does not find them persuasive or controlling.

### a. Zaleski cannot designate an agent to receive and sell the non-forfeited items for him.

Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful for a convicted felon to possess firearms or ammunition. It is settled in the Second Circuit that § 922(g) makes it illegal for a convicted felon to have both actual possession and constructive possession of prohibited items. See e.g., United States v. Gaines, 295 F.3d 293, 300 (2d Cir. 2002). Although the Second Circuit has not specifically addressed whether a convicted felon who designates an agent to sell § 922(g) items would be deemed to have constructive possession, other jurisdictions have so concluded.

In order to achieve the public policy aims of § 922 (g), Congress designed the statute to work retroactively. United States v. Howell, 425 F.3d 971, 977 (11th Cir. 2005). Thus, the fact that a convicted felon was in lawful possession when he acquired firearms and/or ammunition is irrelevant; once an individual becomes a convicted felon, he will be in violation of § 922 (g) if found to be in possession of a prohibited item. Id; see also United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000) § 922 (g) (a convicted felon is not entitled to have firearms held in trust for him because such an arrangement constitutes constructive possession and is therefore unlawful). Thus, requiring the government to transfer the non-forfeited items to an agent of Zaleski's choosing would not only violate federal law, it would also be contrary to the public policy behind the law. See Howell, 425 F.3d at 977.

**b. Zaleski is not entitled to recover money damages.**

Alternatively, Zaleski claims that if he is not permitted to designate an agent to sell the non-forfeited items on his behalf, the value of the items must be appraised, ostensibly so that he can recover money damages. It is settled in the Second Circuit, however, that "sovereign immunity bars a federal court from ordering the United States to compensate for property that cannot be returned pursuant to Rule 41(g)." Adeleke v. United

States, 355 F.3d 144, 150 (2d. Cir. 2004). Thus, the Court rejects this claim for lack of subject-matter jurisdiction.

Under the principle of sovereign immunity, "the United States may not be sued without its consent and that existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Applying the principle of sovereign immunity to suits for money damages for seized property, the Second Circuit has held that Rule 41(g) "does not waive the sovereign immunity of the United States with respect to actions for money damages relating to [seized] property." Adeleke, 355 F.3d at 150. Thus, Rule 41(g) "does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity." Id. As explained in the previous section, the non-forfieted items are unavailable for 41(g) return because Zaleski is a convicted felon.

In this regard, the Court finds no merit to Zaleski's assertion that the Tucker Act, 28 USC § 1346(a)(2) serves as a waiver of sovereign immunity. The Tucker Act provides subject matter jurisdiction for, inter alia, non-tort claims against the United States founded upon the Constitution. According to Zaleski, his rights under the Takings Clause will be violated if he is not compensated for the non-forfeited items. The flaw

with this claim is that the government will not, in the Constitutional sense, take his property.

As the Supreme Court has noted, the Takings Clause is designed "to prevent the government 'from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'" E. Enters. v. Apfel, 524 U.S. 498, 522, 118 (1998) (quoting Armstrong v. United States, 364 U.S. 40, 49 (1960)). Here, the fundamental purpose of the Takings Clause is not in any way violated. Zaleski has been held to account for felonious conduct by a jury of his peers. It is because of his criminal conduct, not the government's decision to prosecute him for it, that Zaleski finds himself in a class of persons who may not possess the § 922(g) items. A convicted felon, such as Zaleski, bears sole responsibility for the consequences of his conviction, both direct and collateral. To be sure, these consequences, which include the loss of liberty entailed by imprisonment, are unpleasant and often times inconvenient. It would work a complete inequity to require the government to compensate Zaleski for property that he cannot possess by virtue of his criminal conviction. Zaleski, not the public, must bear the burdens of his conviction.

Zaleski is thus jurisdictionally barred from recovering money damages from the government. As such, it would serve no purpose to have the value of the non-forfeited items appraised.

**II. THE GOVERNMENT'S MOTION**

Having determined that Zaleski is not entitled to the relief he seeks, the Court turns to the government's motion for an order, execution to be stayed until Zaleski exhausts his appellate and collateral challenges to conviction, authorizing the FBI to destroy the non-forfeited items. For the following reasons, the Court concludes that the government is not entitled to the requested relief.

The government claims that the Court has authority to issue the requested order under the "All Writs Act," which permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The Act "empowers federal courts to fashion extraordinary remedies when the need arises." Penn. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985). This authority, however, "is to be used sparingly and only in the most critical and exigent circumstances." (internal quotation marks omitted) Wisc. Right to Life, Inc. v. Federal Elect. Comm'n, 542 U.S. 1305, 1306 (2004) (Rehnquist, C.J. in chambers); cf., U.S. Sup. Ct. Rule 20.1 (issuance by the Supreme Court of a writ

authorized by the All Writs Act is not a matter of right, but of discretion sparingly exercised). By the Act's plain language, such extraordinary relief can *only* be exercised where it is "necessary or appropriate" in aid of a court's jurisdiction. 28 U.S.C. § 1651(a).

In this case, the Court is not convinced that an order authorizing the government to destroy the non-forfeited items is either necessary or appropriate. Although the government claims that, without such an order, the FBI will be required to maintain the non-forfeited items in perpetuity, it does not explain why this is so. Further, the government does not cite, and the Court is not aware of, any authority requiring the FBI to maintain the items; there is no court order to such effect and the government does not cite any statutory authority that would prohibit it from destroying the items without judicial authorization. In fact, if there were such authority, statutory or otherwise, it is doubtful that the All Writs Act would provide a means by which to overcome such an obstacle. Penn. Bureau of Corr., 474 U.S. at 43 (holding that where a statute specifically addresses the particular issue at hand, it is that authority and not the All Writs Act that is controlling).

In conclusion, the Court finds that the order which the government seeks is not authorized under the All Writs Act

10

because it is neither necessary nor appropriate in aid of the Court's jurisdiction.[3]

---

[3]Although the Court declines to grant its imprimatur to the government's proposed course of action, this is not to say the government may not proceed as it has suggested in its proposed order. As the Court explained in Part I, so long as Zaleski is a convicted felon, he is not entitled to the return of the non-forfeited items in any form whatsoever, and he is jurisdictionally barred from recovering money damages from the government.

## **CONCLUSION**

For the aforementioned reasons, Zaleski's motion for return of property [doc. #195] is DENIED as to the non-forfeited § 922(g) items. The Court reserves judgment with regard to all other seized property until such time the parties indicate a judicial resolution is necessary. The government's request for an order authorizing the destruction of certain firearms and ammunition [Doc. #188] is DENIED.

SO ORDERED this 21st day of April, 2011 at New Haven, Connecticut.

/s/ Ellen Bree Burns, SUSDJ
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT